IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAMIRO MARTINEZ | § | |
| Petitioner, | § § § | |
| VS. | § | NO. 3-08-CV-1788-D |
| DAVID BERKEBILE, Warden, FCI-Seagoville | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This is one of several habeas cases filed by prisoners at the Federal Correctional Institution in Seagoville, Texas, challenging a rule promulgated by the Bureau of Prisons ("BOP") that categorically excludes from eligibility for early release inmates who are serving sentences for certain felony offenses, notwithstanding the successful completion of a substance abuse treatment program. Under federal law:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). However, the BOP rule excludes from eligibility for early release:

> Inmates whose current offense is a felony:
>
> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or

>   (C) That by its nature or conduct, presents a serious potential risk of physical force against the person or property of another, or
>
>   (D) That by its nature or conduct involves sexual abuse offenses committed upon children.

28 C.F.R. § 550.58(a)(1)(vi). In this action, petitioner, who received a two-level sentence enhancement for carrying or possessing a weapon during a drug trafficking crime, contends that section 550.58 is "arbitrary and capricious" and otherwise violates the requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A).[1]

That was the holding of the Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). In *Arrington*, 18 federal prisoners serving sentences for offenses involving firearms, explosives, or other dangerous weapons challenged section 550.58 on the ground that the BOP failed to provide a rationale for the categorical exclusion of inmates who are otherwise statutorily eligible for early release. While recognizing that the BOP has discretion to categorically exclude certain classes of inmates from early release, the court noted than an agency must articulate a rationale when exercising that discretion. *Arrington*, 516 F.3d at 1114. The court went on to hold that neither of the two rationales stated by the BOP--that offenders with firearms convictions might pose an increased risk to the public and that there is a need for uniformity in the application of eligibility regulations--withstood even the "narrow and deferential standard of review under the APA." *Id.* at 1113-14. According to the court, there was absolutely no evidence in the administrative record that prisoners convicted of firearms offenses pose a greater threat to public safety than prisoners serving sentences for other offenses. *Id.* at 1114. As to the second rationale, the court wrote:

---

[1] The court questions whether petitioner has exhausted his administrative remedies by presenting his claim to BOP authorities as required by 28 C.F.R. § 542.10, *et seq*. However, because the exhaustion requirement is not jurisdictional and petitioner is not entitled to habeas relief in any event, the court will consider his claims on the merits.

> A general desire for uniformity provides no explanation for why the Bureau exercised its discretion to achieve consistency through the promulgation of a categorical *exclusion* rule. The Bureau's stated desire for uniformity could have been accomplished in any number of ways. For example, the Bureau could have achieved uniformity by categorically *including* prisoners with nonviolent convictions involving firearms, thus making them eligible for early release: a result that would have been entirely consistent with the statute's aim of offering incentives for prisoner participation in residential substance abuse programs. Instead, it chose to achieve uniformity by categorically *excluding* such prisoners from eligibility. Although either choice in all likelihood would have withstood judicial scrutiny, the Bureau offered no explanation for why it exercised its discretion to select one rather than the other. The agency's lack of explanation for its choice renders its decision arbitrary and capricious.

*Id.* (emphasis in original).

To date, no court outside the Ninth Circuit has followed *Arrington*. Most courts have rejected *Arrington* as contrary to *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), wherein the Supreme Court upheld a nearly identical version of section 550.58. *See Minotti v. Whitehead*, ___ F.Supp.2d ___, 2008 WL 4791462 (D. Md. Oct. 31, 2008); *Neal v. Grondolsky*, No. 08-2477 NLH, 2008 WL 4186901 (D.N.J. Sept. 9, 2008); *Gatewood v. Outlaw*, No. 2-08-CV-0054 WRW/BD, 2008 WL 2002650 (E.D. Ark. May 8, 2008). The *Minotti* court went further, criticizing *Arrington* on the basis that section 550.58 was, in fact, intended to promote uniformity in the application of eligibility regulations:

> Closer examination of *Arrington* reveals the fatal flaw in the Ninth Circuit's reasoning. The BOP provided an explanation for why it exercised its discretion to categorically exclude rather than include an entire class of inmates: it was concerned about uniformity. However, that was not an explanation that the Ninth Circuit was willing to accept and, as such, the Ninth Circuit substituted its judgment for that of the agency. The legislative history behind § 3621 explicitly notes that "[s]ubstance abuse treatment for prison inmates is a powerful tool for reducing recidivism, easing prison overcrowding, and ultimately preventing crime." In amending § 3621(e)(2)(B), the House Report noted that the amendment "authorizes the [BOP] to shorten by up to

> one year the prison term of a prisoner who has successfully completed a treatment program, based on criteria to be established and *uniformly applied* by the [BOP]." Moreover, the Supreme Court explicitly agreed with and deferred to the BOP's "reasonabl[e] conclu[sion] that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Taken in context, the BOP's concern about uniformity in application is not arbitrary or capricious but rather is the consequence of its fidelity to Congress's mandate. The connection between firearms, drug offenses, and violence is fully supported by the language of the statute, *Lopez*, and just plain common sense.

*Minotti*, 2008 WL 4791462 at *10 (internal citations omitted) (emphasis in original). *Minotti*, *Neal*, and *Gatewood* were cited with approval by this court in rejecting a nearly identical challenge to section 550.58 brought by another prisoner at FCI-Seagoville. *See Cross v. Berkebile*, No. 3-08-CV-1379-M (N.D. Tex. Dec. 10, 2008) (Kaplan, J.). For the reasons stated in *Cross*, the court should decline to follow *Arrington* and deny habeas relief.[2]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] To the extent petitioner attempts to state an equal protection claim because prisoners in the Ninth Circuit are treated differently from prisoners in other circuits with respect to the application of 28 C.F.R. § 550.58, such a claim is without merit. *See Hernandez v. Gilkey*, 242 F.Supp.2d 549, 554 (S.D. Ill. 2001) (prisoner's equal protection rights were not violated merely because similarly situated prisoners in other circuits were treated differently as a result of circuit split).

DATED: December 12, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE